```
            UNITED STATES DISTRICT COURT
             DISTRICT OF MASSACHUSETTS
```

JOHN DOE, MARY DOE and
JAMES DOE,
      Plaintiffs,

              v.                              CIVIL ACTION NO.
                                              15-10790-DJC

TRUSTEES OF BOSTON COLLEGE,
PAUL J. CHEBATOR, CAROLE
HUGHES, CATHERINE-MARY
RIVERA, PATRICK J. KEATING
and BARBARA JONES,
      Defendants.

**MEMORANDUM AND ORDER RE:**
**PLAINTIFF'S MOTION TO COMPEL**
**(DOCKET ENTRY # 23)**

**December 16, 2015**

**BOWLER, U.S.M.J.**

Pending before this court is a motion to compel filed by plaintiffs John, Mary and James Doe ("plaintiffs"). (Docket Entry # 23). Plaintiffs seek to compel production of documents and information from defendant Trustees of Boston College ("defendant") concerning prior sexual assault complaints or charges brought by non-party students or former students at Boston College from August 1, 2005 to the present. After conducting a hearing, this court took the motion (Docket Entry # 23) under advisement.

DISCUSSION

As amended on December 1, 2015, Fed.R.Civ.P. 26(b)(1) ("Rule 26(b)(1)") requires production of nonprivileged information that

is relevant to plaintiff's claim or claims and "proportional to the needs" of this case. Id. Applying the amended rule is just and practicable. See Lightsquared Inc., et al. v. Deere & Co. et al., 2015 WL 8675377, at *2 (S.D.N.Y. Dec. 10, 2015) (amended rule applies, "'insofar as just and practicable,'" to "'all proceedings pending'" on Dec. 1, 2015) (brackets omitted).

The relevant factors under the amended rule vis-à-vis this case include the importance of the requested information to resolve the causal connection in the gender bias claims under Title IX, the significance of the substantive issues as "seek[ing] to vindicate vitally important personal or public values," Fed.R.Civ.P. 26(b)(1) Advisory Committee Notes, 2015 Amendment, and defendant's relative and far superior access to the information which necessitates a stronger showing of burden and expense. See id. The privacy and confidentiality interests of non-party students to their educational records regarding allegations of sexual assault also warrant consideration. See Gill v. Gulfstream Park Racing Ass'n, Inc., 399 F.3d 391, 402 (1st Cir. 2005) (considerations of public interest, "need for confidentiality, and privacy interests are relevant factors to be balanced") (interpreting prior version of Fed.R.Civ.P. 26(b)); 20 U.S.C. § 1232g(b)(2)(B); 34 C.F.R. § 99.31(a)(9)(ii); Moeck v. Pleasant Valley Sch. Dist., 2014 WL 4988274, at *2-3 (20 U.S.C. § 1232g(b) "represent[s] the strong public policy of protecting the

privacy of student records"); Blunt v. Lower Merion Sch. Dist., 2009 WL 1259100, at *2 (E.D.Pa. May 7, 2009) ("students enrolled in the LMSD and their parents have a privacy interest in their educational records and data") (citing 20 U.S.C. § 1232g(b)(2)(B) and 34 C.F.R. § 99.31(a)(9)); see also State Farm Mut. Automobile Ins. Co. v. Fayda, 2015 WL 7871037, at *4 (S.D.N.Y. Dec. 3, 2015) (acknowledging privacy interest applicable to tax returns as a consideration under amended rule).

    Having balanced all of the relevant factors (including, but not limited to, the foregoing factors) in determining whether the requested information is relevant to plaintiff's claims and proportional to the needs of this case, defendant is ordered to produce any statements indicative of gender bias, including statements indicative of a motivation of a chauvinistic view of the sexes, see Bleiler v. College of Holy Cross, 2013 WL 4714340, at *5 (D.Mass. Aug. 26, 2013), appeal dismissed, No. 13-2245 (1st Cir. April 8, 2015):  (1) made by one or more of the decision makers on plaintiff's disciplinary tribunal during the past four years that is contained in the documents requested in document request number 26 ("the requested documents"); or (2) made by any Boston College official in a position to influence a decision maker on plaintiff's disciplinary tribunal during the past four years that is contained in the requested documents.  For complaints of sexual assault or misconduct made by a student in

the last three years, defendant is further ordered to identify the gender of each Boston College student against whom the complaint of sexual assault or misconduct was made, the finding on the complaint and the sanction or discipline imposed. Prior to disclosure of any part of a non-party student's educational record, defendant shall make a reasonable effort to notify the parent or non-party student whose record may be disclosed. Boston College may also redact personally identifiable information. See 20 U.S.C. § 1232g(b)(2); 34 C.F.R. § 99.31(9). The production of any part of a non-party student's educational record, see 20 U.S.C. § 1232g(a)4), shall be subject to a protective order and the parties shall confer and attempt to agree upon such a protective order.

## CONCLUSION

In accordance with the foregoing discussion, the motion to compel (Docket Entry # 23) is **ALLOWED** in part and **DENIED** in part.

    /s/ Marianne B. Bowler  
**MARIANNE B. BOWLER**  
United States Magistrate Judge