UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JOHN DOE,

      Plaintiff

  v.

TRUSTEES OF BOSTON COLLEGE,

      Defendant

Civil Action No. 15-10790-DJC

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

TRUSTEES OF BOSTON COLLEGE,

/s/ Elizabeth H. Kelly
Daryl J. Lapp (BBO #554980)
  daryl.lapp@lockelord.com
Elizabeth H. Kelly (BBO #672277)
  liz.kelly@lockelord.com
LOCKE LORD LLP
111 Huntington Avenue
Boston, MA 02199
(617) 239-0100

March 28, 2019

### Certificate of Service

I certify that this document was served electronically upon all counsel of record by filing through the ECF system on this 28th day of March, 2019.

/s/ Elizabeth H. Kelly
Elizabeth H. Kelly

**Defendant's Proposed Instruction No. 1**

**NATURE OF THE CASE**

The plaintiff in this case, to whom we are referring as John Doe, was a student at Boston College when a female student accused him of reaching under her skirt and touching her inappropriately during a college dance on a cruise ship in Boston Harbor.  This took place in October 2012.

Doe was brought before a Hearing Board at Boston College, which found that he touched the female student inappropriately and suspended him for one year.  Following his suspension, Doe returned to Boston College, graduated from BC, and then went on to attend law school.

Doe maintains that it was another male student, referred to in this case as "J.K.," who touched the female student on the dance floor and that improper interference with the Board's consideration of his case caused the Board to find him responsible for the improper touching when, absent that alleged interference, the Board would not have found him responsible.

Specifically, Doe claims that two communications between the Dean's office and the Hearing Board chair interfered with the outcome of his case:  first, a communication that the Board should put J.K. "at ease" when he appeared as a witness in Doe's case; and second, a communication that although the Board was permitted to make a decision of "no finding," such an outcome was discouraged.

Boston College denies that either of these alleged communications interfered with the Board's consideration of Doe's case and specifically that neither of these alleged communications affected the outcome.

**Defendant's Proposed Instruction No. 2**

**LIABILITY – WHAT IS AND IS NOT FOR THE JURY TO DECIDE**

It is for you to decide whether either or both of the communications with the Hearing Board interfered with the Board's consideration of Doe's case, causing the Board to find Doe responsible for inappropriately touching the female student when, if the communications had not occurred, the Board would not have found Doe responsible.

The question you are asked to decide is a narrow one. You are not being asked to decide – and in fact I am instructing you specifically not to decide:

- whether you believe it was Doe, or J.K., or some other person who touched the female student;

- whether you approve of BC's student conduct standards;

- whether you approve of BC's policies and procedures for conducting student disciplinary proceedings;

- whether you believe the Board should have sought or considered evidence different from or in addition to the evidence that was submitted at Doe's hearing;

- whether you believe the Board should have waited for evidence about the results of tests conducted on swabs of Doe's hands;

- whether you believe the Board should have waited until it had the ability to review an enhanced version of the surveillance video of the dance floor;

- whether you believe the Board should have allowed Doe's private investigator to testify at the hearing; or

- whether you believe Doe received a fair hearing in this case – except on the limited question whether you find that either or both of the alleged communications interfered with the Board's consideration of Doe's case.

Put another way, when a student such as Doe brings a legal claim relating to the outcome of a university's student disciplinary proceeding, that is not an opportunity for the student to have what amounts to a new hearing in court. It is not an opportunity for the student to have a jury revisit or second-guess the decision that the Hearing Board made, based on the evidence that

the Board decided to consider.  Nor is it an opportunity for the jury to substitute its judgment for that of the Board or the College more generally.  To the contrary, cases such as this one provide an opportunity for the student to challenge only whether a specific aspect of the proceedings violated his legal rights, and in this case the only such question is whether either or both of the two alleged communications – the alleged "at ease" communication or the "no finding" communication – interfered with the Board's consideration of the case, causing the Board to reach an outcome other than the one it otherwise would have reached.

It is your job to decide only that narrow question – not whether Doe in fact was innocent, or whether the Board "got it wrong" in deciding the case the way it did, or whether the hearing process should have been conducted differently in some way.  You are only to decide whether either or both of the two alleged communications interfered with the Board's consideration of Doe's case, causing the Board to find Doe responsible when, if those alleged communications did not occur, it would have found otherwise.

If you answer is "no" – that is, if you determine that neither of the communications at issue interfered with the Board's consideration, changing the outcome of Doe's hearing – then your deliberations will be over.  If you answer that question "yes," then but only then will you go on to deliberate on the question whether or to what extent Doe sustained damages as a result of the communications.

**Sources:**   *Nicholas B. v. School Committee of Worcester*, 412 Mass. 20, 23 (1992) ("In deciding whether the discipline imposed was lawful, no de novo judicial fact-finding is required"); *see also Sill v. Pennsylvania State Univ.*, 462 F.2d 463, 470 (3d Cir. 1972) (same); *Doe v. Phillips Exeter Acad.*, No. 16-CV-396-JL, 2016 WL 6651310, at *2 (D.N.H. Nov. 10, 2016) (same); *Doe v. Brown Univ.*, 210 F. Supp. 3d 310, 313 (D.R.I. 2016) (same); *Yu v. Vassar Coll.*, 97 F. Supp. 3d 448, 461 (S.D.N.Y. 2015) ("The Court's role, of course, is neither to advocate for best practices or policies nor to retry disciplinary proceedings"); *Doe v. Univ. of the South*, 687 F. Supp. 2d 744, 755 (E.D. Tenn. 2009) ("the instant lawsuit does not call for a judicial determination

either in favor or against John Doe's claims or in favor or against the Complainant, regarding the merits of her claims"); *Gomes v. Univ. of Maine Sys.*, 365 F. Supp. 2d 6, 14 (D. Me. 2005) (it is not for the Court "to make an independent determination about" the underlying events).

**Defendant's Proposed Instruction No. 3**

**BURDEN OF PROOF**

As the plaintiff in this case, John Doe has the burden to prove each essential element of his claim in order to prevail.

He must prove these elements by a "preponderance of the evidence."  This means the amount of evidence, when compared to any opposing evidence, that produces in your minds a belief that what is sought to be proven is more likely true than not true.

In determining whether any element has been proven by a preponderance of the evidence, you should consider the testimony of all the witnesses regardless of who may have called them, and all of the exhibits admitted into evidence regardless of who may have introduced them.

If John Doe fails to establish any element of his claim by a preponderance of the evidence, you must find for Boston College on that claim.


**Source:**   3 E. Devitt, C. Blackmar, and M. Wolff, Federal Jury Practice and Instructions, § 72.01 (4th ed. 1987).

**Defendant's Proposed Instruction No. 4**

**INFERENCES ALLOWED BUT SPECULATION IMPERMISSIBLE**

In order to satisfy his burden of proving each element of his claims, Doe must introduce evidence on which you are able to base a conclusion that what he seeks to prove is more likely true than not true.  Doe's burden to introduce such evidence is not satisfied if you would need to engage in speculation, conjecture, or guesswork in order to conclude that what he seeks to prove is more likely true than not true.

You may draw reasonable inferences from the facts you find have been proved.  A reasonable inference is a deduction or conclusion that reason and common sense lead you to draw from facts established by the evidence in the case.  However, if you find that you must engage in speculation, conjecture, or guesswork in order to find any fact that is essential to Doe's claim, then you must find for Boston College on that claim.

**Sources:**   *Achille Bayart & Cie v. Crowe*, 238 F.3d 44, 48 (1st Cir. 2001); *Carey v. Gen. Motors Corp.*, 377 Mass. 736, 740, 387 N.E.2d 583, 585 (1979); *adapted from* O'Malley, Grenig & Lee, Federal Jury Practice and Instructions § 194:21 (Thomson Reuters 6th ed. 2014).

**Defendant's Proposed Instruction No. 5**

**SYMPATHY AND EMOTION IRRELEVANT**

Sympathy and emotion should play no part in your deliberations.  You may not decide this case on the basis that you feel sympathy or other emotion for or against either party – John Doe or the College.  Rather, your deliberations must be well-reasoned, impartial, and unemotional.  You must decide this case by applying the principles of law that the Court defines for you to the facts of this particular case, as you objectively find them to be.

**Source:**    *Adopted from* O'Malley, Grenig & Lee, Federal Jury Practice and Instructions § 103.01 (Thomson Reuters 6th ed. 2014)

**Defendant's Proposed Instruction No. 6**

**DAMAGES – INTRODUCTION**

I will now instruct you on damages.  I am doing that in case you reach the issue of damages.  But the fact that I am instructing you on damages is not meant to suggest that you should find in Doe's favor on the question whether in fact the communications at issue affected the outcome of his hearing at Boston College.  If you find in favor of Boston College on that issue, then you will have no occasion to reach the issue of damages in your deliberations.

**Sources:**   *Adapted from* Massachusetts Sup. Ct. Civil Jury Instructions § 14.9 (MCLE).

**Defendant's Proposed Instruction No. 7**

**DAMAGES – BURDEN OF PROOF; NOMINAL DAMAGES**

If you find that one or both of the communications at issue changed the outcome of Doe's hearing, causing the Hearing Board to find Doe responsible, when otherwise it would have made a different finding, then you should go on to consider what damages, if any, resulted as a natural consequence of that fact – a concept that I will explain to you in greater detail in just a moment.

Doe has the burden of proving damages by a preponderance of the evidence. If you find that the communications changed the outcome of Doe's hearing, but also find that Doe has not proven any damages resulting as a natural consequence from those communications, then you may award him only "nominal damages" in the amount of one dollar.

Sources:   *Adapted from* Massachusetts Sup. Ct. Civil Jury Instructions § 14.9 (MCLE); O'Malley, Grenig & Lee, Federal Jury Practice and Instructions § 128:82 (Thomson Reuters 6th ed. 2014); *Gemini Inv'rs Inc. v. AmeriPark, Inc.*, 643 F.3d 43, 48 (1st Cir. 2011); *Flynn v. AK Peters, Ltd.*, 377 F.3d 13, 23 (1st Cir. 2004); *Nathan v. Tremont Storage Warehouse*, 328 Mass. 168, 171, 102 N.E.2d 421, 423 (1951); *Schwartz v. Travelers Indem. Co.*, 50 Mass. App. Ct. 672, 682, 740 N.E.2d 1039, 1047 (2001); *St. Charles v. Kender*, 38 Mass. App. Ct. 155, 161, 646 N.E.2d 411, 414 (1995); *cf. Carey v. Piphu*s, 435 U.S. 247, 260 (1978); *Doe v. Brown Univ.*, 210 F. Supp. 3d 310, 346-47 (D.R.I. 2016).

**Defendant's Proposed Instruction No. 8**

**DAMAGES - CONSEQUENTIAL DAMAGES**

As I mentioned a moment ago, in the event that you reach the issue of damages, you must consider whether Doe has proved that as a result of the communications at issue, he has suffered damages which flowed as a natural consequence of those communications.  That means only those damages that were reasonably foreseeable to the parties at the time of the communications at issue, and which occurred as a natural and probable result of those communications.

The damages Doe is entitled to recover in this case, if any, are limited to any economic loss he has sustained as a foreseeable consequence of the communications at issue.  He is not entitled to recover for any economic loss he would have sustained regardless of the communications at issue.

As a matter of law, the economic damages Doe can recover in this case do not include damages for any emotional distress, anxiety, depression, disappointment, or other form of emotional or psychological harm resulting from the outcome of the hearing.  Nor may he recover for any economic losses he may have sustained as a consequence of any such emotional or psychological harm.  As a matter of law, the plaintiff in a case such as this one is not entitled to recover damages for either emotional distress or any harm flowing from emotional distress.

As a matter of law, the economic damages Doe can recover in this case also do not include any damages for any harm to his reputation resulting from the outcome of the hearing.

In awarding damages, should you find any, you also must not take into consideration any future economic damages Doe might incur as a result of having a disciplinary record at Boston College.  In the event you find for Doe on the question whether either or both of the

communications at issue affected the outcome of his conduct hearing, the Court will order

Boston College to revise his record accordingly.


**Sources:**   *Adapted from* MCLE Massachusetts Superior Court Jury Instructions §14.9.2; 14 Mass. Prac., Summary Of Basic Law § 5:92 (5th ed.); *see Gemini Inv'rs Inc.*, 643 F.3d at 48; *Willco Kuwait (Trading) S.A.K. v. deSavary*, 843 F.2d 618, 629 (1st Cir. 1988); *Boylston Hous. Corp. v. O'Toole*, 321 Mass. 538, 562-63, 74 N.E.2d 288, 302 (1947); *John Hetherington & Sons v. William Firth Col.*, 210 Mass. 8, 21, 95 N.E. 961, 964 (1911); *Pierce v. Clark*, 66 Mass. App. Ct. 912, 914 (2006); *see also Redgrave v. Boston Symphony Orchestra, Inc.*, 855 F.2d 888, 899 (1st Cir. 1988); *Young v. Wells Fargo Bank, N.A.*, 109 F. Supp. 3d 387, 395 (D. Mass. 2015), *aff'd,* 828 F.3d 26 (1st Cir. 2016); *Sorenson v. H & R Block, Inc.*, No. CIV.A.99-10268-DPW, 2002 WL 31194868, at *14 (D. Mass. Aug. 27, 2002), *aff'd,* 107 F. App'x 227 (1st Cir. 2004); *Jennings v. Nathanson*, 404 F. Supp. 2d 380, 399 (D. Mass. 2005); *Williams v. Astra USA, Inc.*, 68 F. Supp. 2d 29, 37 (D. Mass. 1999); *John Hancock Mut. Life Ins. Co. v. Banerji*, 447 Mass. 875, 888 (2006); *McCone v. New England Tel. & Tel. Co.*, 393 Mass. 231, 235, 471 N.E.2d 47, 50 (1984); *St. Charles*, 38 Mass. App. Ct. at 159, 646 N.E.2d at 413; *Daley v. Town of W. Brookfield*, 19 Mass. App. Ct. 1019, 1019 n.1, 476 N.E.2d 980, 980 n.1 (1985); *Sackett v. St. Mary's Church Soc.*, 18 Mass. App. Ct. 186, 188-89, 464 N.E.2d 956, 957-58 (1984).

## Defendant's Proposed Instruction No. 9

## DAMAGES – NO SPECULATION

Doe must prove any claimed damages with a reasonable degree of certainty. An award of damages cannot be based on speculation, conjecture, or guess-work. In order to recover damages, Doe must establish that his damages are ascertainable by reference to some definite and reasonable standard, either of market value, established experience, or direct inferences from known circumstances. If you have to guess or speculate that Doe suffered certain harm, or a certain degree of harm, then you may not award damages for that claimed harm. Doe, however, is not required to prove damages to a mathematical certainty.

**Sources:**   Massachusetts Sup. Ct. Civil Jury Instructions § 14.9; *Air Safety, Inc. v. Roman Catholic Archbishop of Boston*, 94 F.3d 1, 5 (1st Cir. 1996); *Redgrave*, 855 F.2d at 899; *Conway v. Electro Switch Corp.*, 402 Mass. 385, 388, 523 N.E.2d 255, 257 (1988); *Pierce*, 66 Mass. App. Ct. at 914, 851 N.E.2d at 454; *Handrahan v. Red Roof Inns, Inc.*, 43 Mass. App. Ct. 13, 24, 680 N.E.2d 568, 576 (1997); *Novel Iron Works, Inc. v. Wexler Constr. Co.*, 26 Mass. App. Ct. 401, 412, 528 N.E.2d 142, 148 (1988); *Gilmore v. Century Bank & Trust Co.*, 20 Mass. App. Ct. 49, 55, 477 N.E.2d 1069, 1073 (1985); *Snelling & Snelling of Mass., Inc. v. Wall*, 345 Mass. 634, 636, 189 N.E.2d 231, 232 (1963).

**Defendant's Proposed Instruction No. 10**

**DAMAGES – MITIGATION**

A person who has been harmed by the conduct of another has a duty to take reasonable steps to minimize the damages resulting from that conduct.  Thus, if you find that Doe suffered some economic harm as a natural and foreseeable result of the communications at issue, but also find that Doe could have but failed to take reasonable steps to minimize that harm, then he is not entitled to recover damages for the harm he reasonably could have avoided.

Boston College has the burden of proving by a preponderance of the evidence that Doe failed to take such reasonable steps.

Sources:   Massachusetts Sup. Ct. Civil Jury Instructions § 14.3; 14 Mass. Practice Series, Summary of Basic Law, §5.93 (5th ed.); *see also Burnham v. Mark IV Homes, Inc.*, 387 Mass. 575, 586, 441 N.E.2d 1027, 1034 (1982).

**Defendant's Proposed Instruction No. 11**

**NO PUNITIVE DAMAGES**

The law does not allow the plaintiff to recover punitive damages in a case like this one.

Therefore, you may not award any damages for the purpose of punishing Boston College, or for

the purpose of "sending a message" to Boston College, or the like.  Rather, you may only award

those damages, if any, that are necessary to reasonably compensate John Doe for any actual,

economic harm he has proven by a preponderance of the evidence.


**Sources:**  *DeRose v. Putnam Mgmt. Co.*, 398 Mass. 205, 212, 496 N.E.2d 428, 432 (1986).

**Defendant's Proposed Instruction No. 12**

**NO ATTORNEYS' FEES AND COSTS; INTEREST**

In assessing damages, you must not consider attorneys' fees or other costs associated with litigating this case.  Those amounts are not recoverable in cases such as this.

You also must not add any amount of interest to your award, should you decide to make one.  Any interest calculation will be for the Court to make and should play no part in your deliberations.

**Sources:**   Massachusetts Sup. Ct. Civil Jury Instructions § 14.9.9; O'Malley, Grenig & Lee, Federal Jury Practice and Instructions § 128:100 (Thomson Reuters 6th ed. 2014); *Analysis Grp., Inc. v. Cent. Fla. Investments, Inc.*, 629 F.3d 18, 24 (1st Cir. 2010); *Griffin v. Gen. Motors Corp.,* 380 Mass. 362, 367, 403 N.E.2d 402, 406 (1980); *D'Amico v. Cariglia*, 330 Mass. 246, 249, 112 N.E.2d 807, 809 (1953).

16