UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN DOE,<br><br>        Plaintiff<br><br>v.<br><br>TRUSTEES OF BOSTON COLLEGE,<br><br>        Defendant | Civil Action No. 15-10790-DJC |

**ALTERNATIVE REQUEST FOR JURY INSTRUCTION ON BASIC FAIRNESS**

Pursuant to Fed. R. Civ. P. 51(a)(1), to the extent the Court decides to instruct the jury in any depth on the legal theory underlying Doe's claim, the Defendant submits the following alternative jury instruction applicable to the basic fairness claim, which is a covenant of good faith and fair dealing claim under Massachusetts law. *See Doe v. Trustees of Boston Coll.*, 892 F.3d 67, 88 (1st Cir. 2018)

**Contract - Duty to Provide Basic Fairness**

Doe also alleges that Boston College breached its duty to provide basic fairness to him in the context of his school disciplinary proceeding.

Under Massachusetts law, which applies in this case, whenever a private university holds a disciplinary hearing, it must be conducted with basic fairness. A private university may not arbitrarily or capriciously dismiss a student or do so in bad faith.

When a university expressly promises to provide basic fairness in its disciplinary procedures, the school must provide basic fairness in the conduct of the hearing by complying with the express contractual promises it has made. Therefore, the duty of basic fairness may not be invoked to create rights and duties not otherwise provided for in the existing contractual relationship. The scope of the duty of basic fairness is only as broad as the contract that governs that relationship. Universities are not required to adhere to the standards of due process

guaranteed to criminal defendants or to abide by rules of evidence adopted by courts. John Doe's disagreement with the outcome does not constitute a denial of basic fairness.

**Sources:**   *Adopted from* Massachusetts Sup. Ct. Civil Jury Instructions § 14.3.1 (MCLE); *see Doe v. Trustees of Boston Coll.*, 892 F.3d 67, 88 (1st Cir. 2018); *Cloud v. Trustees of Boston Univ.*, 720 F.2d 721, 725 (1st Cir. 1983); *Kiani v. Trustees of Boston Univ.*, No. CIVA 04CV11838PBS, 2005 WL 6489754, at *8 (D. Mass. Nov. 10, 2005); *Driscoll v. Bd. of Trustees of Milton Acad.*, 70 Mass. App. Ct. 285, 295, 873 N.E.2d 1177, 1187 (2007); *Morris v. Brandeis Univ.*, 60 Mass. App. Ct. 1119, 804 N.E.2d 961 (2004) (Rule 1:28); *Schaer v. Brandeis Univ.*, 432 Mass. 474, 482, 735 N.E.2d 373, 380 (2000); *Coveney v. President & Trustees of the College of the Holy Cross*, 388 Mass. 16, 20, 445 N.E.2d 136, 139 (1983); *cf. McAdams v. Massachusetts Mut. Life Ins. Co.*, 391 F.3d 287, 301 (1st Cir. 2004); *Ayash v. Dana-Farber Cancer Inst.*, 443 Mass. 367, 385, 822 N.E.2d 667, 684 (2005); *Uno Restaurants, Inc. v. Boston Kenmore Realty Corp.*, 441 Mass. 376, 385, 805 N.E.2d 957, 964 (2004)

TRUSTEES OF BOSTON COLLEGE,

/s/Elizabeth H. Kelly
Daryl J. Lapp (BBO No. 554980)
  daryl.lapp@lockelord.com
Elizabeth H. Kelly (BBO No. 672277)
  liz.kelly@lockelord.com
LOCKE LORD LLP
111 Huntington Avenue
Boston, MA 02199
617.230.0100

September 18, 2019

**Certificate of Service**

This document was served by ECF upon all counsel of record on this 18th day of September, 2019.

/s/ Elizabeth H. Kelly
Elizabeth H. Kelly

81383537v.1