UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN DOE,<br><br>   Plaintiff<br><br> v.<br><br>TRUSTEES OF BOSTON COLLEGE,<br><br>   Defendant | Civil Action No. 15-10790-DJC |

**REQUEST FOR JURY INSTRUCTION ON SCOPE OF TRIAL**

Prior to this trial, John Doe had an opportunity to argue and present evidence on several issues that plaintiff's counsel has alluded to in his opening and his questioning of various witnesses. I sustained objections to those questions, and excluded that evidence from this trial because those issues were previously considered and decided in other phases of this litigation. As a result of those prior rulings, the following issues have been decided in this case:

- It was not a violation of BC's contractual obligations, which include the obligation of basic fairness, for Carole Hughes not to do in initial investigation on her own.

- It was not a violation of BC's contractual obligations for Ms. Hughes not to hear Doe's side of the story prior to the hearing.

- It was not a violation of BC's contractual obligations for BC to proceed with the hearing prior to the end of the criminal investigation.

- It was not a violation of BC's contractual obligations for BC to wait for an allegedly enhanced video or forensic test results before completing the hearing.

- It was not a violation of BC's contractual obligations for BC not to permit Doe's private investigator to testify at the hearing.

- It was not a violation of BC's contractual obligations for BC to find Doe responsible for a lesser included offense – a charge of indecent assault and battery, which is a lesser offense then digital rape.

- It was not a violation of BC's contractual obligations for BC to limit the role of attorneys at the disciplinary hearing.

- It was not a violation of BC's contractual obligations for BC not to make an audio recording or stenographic record of the hearing.

- It was not a violation of BC's contractual obligations for Mr. Herlihy to meet with the Board members after their deliberations concluded.

- The board members are presumed to be impartial and the evidence does not support a claim of bias against BC.

- The disposition of the criminal case is of no relevance to the limited issue of interference that remains to be decided in this case.

                              TRUSTEES OF BOSTON COLLEGE,

                              /s/Elizabeth H. Kelly
                              Daryl J. Lapp (BBO No. 554980)
                                  daryl.lapp@lockelord.com
                              Elizabeth H. Kelly (BBO No. 672277)
                                  liz.kelly@lockelord.com
                              LOCKE LORD LLP
                              111 Huntington Avenue
                              Boston, MA 02199
September 20, 2019              617.230.0100

## Certificate of Service

      This document was served by ECF upon all counsel of record on this 20th day of September, 2019.

                              /s/ Elizabeth H. Kelly
                              Elizabeth H. Kelly