UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN DOE,<br><br>          Plaintiff,<br><br>          v.<br><br>TRUSTEES OF BOSTON COLLEGE,<br><br>          Defendant. | Civil Action No. 15-10790-DJC |

**PLAINTIFF'S MOTION FOR (1) EQUITABLE RELIEF; (2) PREJUDGMENT AND POSTJUDGMENT INTEREST; AND (3) ENTRY OF JUDGMENT**

Plaintiff John Doe moves for (1) equitable relief, including expungement of the records maintained by defendant Trustees of Boston College ("Boston College"); (2) prejudgment and postjudgment interest; and (3) entry of judgment for plaintiff and against Boston College consistent with the jury's verdict and the Court's post-trial rulings.

**I. The Court Should Order Boston College to Expunge All References to John Doe's Disciplinary Proceeding from All of Its Records and Grant Other, Related Relief.**

    **A. Legal Standards**

At the April 4, 2019 pretrial conference, counsel for the parties and the Court agreed that in the event of a jury verdict for plaintiff, that plaintiff would then move the Court for equitable relief, *i.e.*, expungement of Doe's disciplinary proceeding from Boston College's records. 4/4/19 Tr. 63. This order of procedure is required by the Seventh Amendment's right to a jury trial: "Where legal and equitable issues intertwine, then, a trial judge should normally refrain from making an equitable determination until the jury has decided the legal claims." *Music Suppliers, Inc. v. London Records, Inc.*, 1988 WL 34277, at *3 (D. Mass. 1988). Moreover, the Court is bound, under the Seventh Amendment, by the jury's decision on all issues common to the

requests for legal and equitable relief. *Wallace Motor Sales, Inc. v. American Motors Sales Corp.*, 780 F.2d 1049, 1066 (1st Cir. 1985) ("in deciding whether to grant . . . equitable relief . . ., the judge is required . . . to accept the jury's finding of fact"). Here, the Court is required to accept the jury's findings that (1) "Boston College's 'at ease' and/or 'no finding' communications with the Hearing Board occurred and breached its contract with John Doe to provide basic fairness"; and (2) "Boston College's breach of contract by such interference caused the Hearing Board to find him responsible." Doc. 184.

The Court has significant discretion in fashioning an equitable remedy: "Once invoked, the scope of a district court's equitable powers is broad, for breadth and flexibility are inherent in equitable remedies." *Brown v. Plata*, 563 U.S. 493, 538 (2011) (citations, internal quotation marks, and ellipsis omitted). The Court "has the ability — indeed, the duty — to weigh all the relevant facts and circumstances to craft appropriate relief on a case-by-case basis." *In re Blinds to Go Share Purchase Litig.*, 443 F.3d 1, 8 (1st Cir. 2006).

**B. Expungement**

Expungement of derogatory information from an entity's records is a familiar civil remedy, both in the employment context[1] and in the area of school discipline. *E.g., Matos v. Clinton School Dist.*, 367 F.3d 68, 72-73 (1st Cir. 2004) (high school); *Doe v. Rector & Visitors of George Mason Univ.*, 179 F. Supp. 3d 583, 587-88 (E.D. Va. 2016) (ordering expungement remedy following challenge to university sexual assault proceeding).

Consistent with the jury's verdict, the Court should order Boston College to expunge from its records, including, but not limited to, Doe's "education records," as that term is defined in the regulations under the Family Educational Rights and Privacy Act of 1974, as amended,

---

[1] *E.g., Stevenson v. Amazon.com, Inc.*, 2016 WL 2851316, at *5 (D. Mass. 2016).

20 U.S.C. § 1232g, *i.e.*, 34 C.F.R. § 99.3[2], the following: (1) Doe's entire 2012 disciplinary proceeding and the 2014 review of that proceeding; and (2) all references to Doe's 2012 disciplinary proceeding or the 2014 review of that proceeding.  The Court should also require Boston College to certify that it has complied with the order of expungement.

### C.  Other, Related Relief

In addition to expungement, the Court's order should prohibit Boston College and its agents from referencing Doe's 2012 disciplinary proceeding or the 2014 review in the event of any third-party inquiry.  Similarly, the Court's order should state that upon any third-party inquiry to Doe concerning discipline at a college or university, he may answer in the negative with regard to the 2012 disciplinary proceeding and the 2014 review.

A proposed order relating to the requested equitable relief is attached as Exhibit A.

## II.  The Court Should Award (A) Prejudgment Interest Consistent with the Evidence and the Jury Verdict and (B) Postjudgment Interest.

### A.  Prejudgment Interest

In this diversity action, state law governs an award of prejudgment interest. *Analysis Group, Inc. v. Central Florida Investments, Inc.*, 629 F.3d 18, 24 (1st Cir. 2010) (applying Massachusetts prejudgment interest statute for contract actions).  Massachusetts law provides:

> In all actions based on contractual obligations, upon a verdict, finding or order for judgment for pecuniary damages, interest shall be added by the clerk of the court to the amount of damages, at the contract rate, if established, or at the rate of twelve per cent per annum from the date of the breach or demand. If the date of the breach or demand is not established, interest shall be added by the clerk of the court, at such contractual rate, or at the rate of twelve per cent per annum from the date of the commencement of the action . . . .

---

[2] 34 C.F.R. § 99.3 defines "education records" as "those records that are: (1) Directly related to a student; and (2) Maintained by an educational agency or institution or by a party acting for the agency or institution."

Mass. Gen. Laws ch. 231, § 6C.  In other words, "prejudgment interest 'attaches automatically' to all judgments for pecuniary damages in breach of contract actions," and its award is a "ministerial act."  *Trans Nat'l Commc'ns, Inc. v. Overlooked Ops., Inc.*, 2000 WL 1160437, at *1 (1st Cir. 2000) (per curiam) (quoting *O'Malley v. O'Malley,* 645 N.E.2d 684, 686 (Mass. 1995)).  Thus, for a claim to come within the statute, "a breach of a contractual obligation must occur and that breach ultimately must ripen into a judgment for pecuniary damages."  *Protective Life Ins. Co. v. Dignity Viatical Settlement Partners, L.P.*, 171 F.3d 52, 54 (1st Cir. 1999).

There is no dispute that this is an action based on contractual obligations.  *Doe v. Trustees of Boston Coll.*, 892 F.3d 67, 85-88 (1st Cir. 2018); Dkt. No. 184 at 1 (Verdict Form).  There is likewise no disputing that the jury rendered a verdict for pecuniary damages in the amounts of $24,819.50 in lost tuition and fees and $77,607 in lost income.  Dkt. No. 184 at 2.  Further, there was no contract rate of interest in the Student Guide or the Conduct Board Procedures.  Accordingly, interest should be awarded at the rate of 12 per cent per annum from "the date of breach or demand."  Mass. Gen. Laws ch. 231, § 6C.  The date of breach in this case is clearly established, and that is the date to be used.  *Thibodeau v. Town of Seekonk*, 750 N.E.2d 1037, 1040 n.7 (Mass. App. Ct. 2001) (finding the date of breach to be "clearly established").  Each of the alleged acts of interference, the hearing itself, the decision finding Doe "responsible," and his suspension occurred in November 2012.  To be conservative, however, the date of December 1, 2012 should be used as the date of breach for the lost tuition and fees.

The lost income should be treated differently.  The Massachusetts Supreme Judicial Court has interpreted the statute to grant courts discretion to assure that interest awards do not result in "windfall[s] for plaintiffs."  *Sterilite Corp. v. Continental Cas. Co.,* 494 N.E.2d 1008, 1011 (Mass. 1986).  Therefore, "the fact that no loss was incurred until after an action was

4

commenced should be recognized, as a matter of fairness, in order to avoid giving a party an undeserved windfall." *St. Paul Surplus Lines Ins. Co. v. Feingold & Feingold Ins. Agency, Inc.*, 693 N.E.2d 669, 673 (Mass. 1998).  Applying this principle, the interest on the lost income should accrue from September 1, 2017, rather than the date of breach.  The evidence presented at trial through John Doe's testimony showed that, but for defendant's breach, Doe would have graduated from Boston College in May 2013, started law school in September 2013, graduated from law school in May 2016, and began employment as a first-year associate in September 2016.  Accordingly, Doe would have accrued a year of income by September 2017.  Although some of that income would have accrued to Doe in the last quarter of 2016 and the first two quarters of 2017, Doe submits September 1, 2017 as a conservative accrual date for the lost income.

In sum, Doe requests prejudgment interest on the two categories of contractual damages.  The lost tuition and fees should accrue simple interest at 12 per cent per annum from December 1, 2012 to the date of judgment.  The lost income should accrue simple interest at 12 per cent per annum from September 1, 2017 to the date of judgment.

### B. Postjudgment Interest

The Court should award postjudgment interest at the statutory rate provided in 28 U.S.C. § 1961.

A proposed order with respect to the requested interest is attached as Exhibit B.

### III. The Court Should Enter Judgment Consistent with the Jury's Verdict, the Requested Equitable Relief, and the Requested Interest.

A proposed judgment is attached as Exhibit C.

**Certificate of Compliance with L.R. 7.1**

Counsel have conferred in good faith in an effort to resolve or narrow the issues presented in this motion.

Respectfully submitted,

John Doe

By his attorneys,

DLA PIPER LLP (US)

/s/ Matthew J. Iverson
Matthew J. Iverson (BBO # 653880)
33 Arch Street, 26th Floor
Boston, MA 02110
(617) 406-6000
(617) 406-6100 (fax)
matthew.iverson@dlapiper.com

/s/ Charles B. Wayne
Charles B. Wayne (*pro hac vice*)
Brian J. Young (*pro hac vice*)
500 8th Street, N.W.
Washington, D.C. 20004
(202) 799-4253
(202) 799-5253 (fax)
charles.wayne@dlapiper.com
brian.young@dlapiper.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of October, 2019, a copy of the foregoing was served by electronic mail using the CM/ECF system, which will then send notification of such filing to all counsel of record.

/s/ Charles B. Wayne
Charles B. Wayne