UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN DOE,<br><br>   Plaintiff<br><br>  v.<br><br>TRUSTEES OF BOSTON COLLEGE,<br><br>   Defendant | Civil Action No. 15-10790-DJC |

**DEFENDANT'S PARTIAL OPPOSITION TO PLAINTIFF'S MOTION
FOR EQUITABLE RELIEF, PREJUDGMENT AND POSTJUDGMENT
INTEREST, AND ENTRY OF JUDGMENT**

Trustees of Boston College opposes in part Plaintiff's Motion for Equitable Relief, Prejudgment and Postjudgment Interest, and Entry of Judgment.  Dkt. No. 186.  As demonstrated below, the request for equitable relief is overly broad and otherwise improper; any award of equitable relief should be stayed pending the outcome of further, post-trial proceedings; Doe is entitled to prejudgment interest only on the damages awarded for lost tuition, not damages awarded for lost income; and prejudgment interest should be awarded only from the date the lawsuit was filed.

**I. Equitable Relief.**

  **A. The equitable relief Doe seeks is overbroad, would infringe on other legitimate interests, and would be excessively burdensome.**

Doe's motion asks the Court to enter a permanent injunction, which would (a) require BC to expunge from its records the entirety of, and "all references to," both the 2012 disciplinary proceeding and the 2014 review of that proceeding, Pl. Mot. at 2-3, and (b) prohibit "[BC] and its agents from referencing the 2012 disciplinary proceeding or the 2014 review in the event of any third-party inquiry." *Id*. at 3.  While the Court has "considerable" discretion to devise an

1

equitable remedy, that discretion "is not unfettered." *Jimenez v. Cronen*, 317 F. Supp. 3d 626, 656 (D. Mass. 2018) (citing *Flores–Powell v. Chadbourne*, 677 F. Supp. 2d 455, 474 (D. Mass. 2010)). To the contrary, any equitable remedy "should be tailored to the injury suffered," and it "should not unnecessarily infringe on competing interests." *Flores–Powell*, 677 F. Supp. 2d at 476 (quoting *United States v. Gordon*, 156 F.3d 376, 381 (2d Cir. 1998)). Granting Doe's requested relief would violate both of those principles.

The wholesale expungement of all records of, and "all references to," both the 2012 disciplinary proceeding and the 2014 review of that proceeding, is not a remedy that is "tailored to the injury suffered." The jury found that communications by the Dean's office interfered with the Administrative Hearing Board's consideration of Doe's case, causing the Board to find Doe responsible when otherwise it would have reached a different outcome – either "not responsible" or a "no finding." The equitable remedy that is "properly tailored to the injury suffered" is an order enjoining BC to (1) vacate the finding of "responsible" and (2) respond in the negative to any third-party inquiry that relates to the outcome of the 2012 proceeding – e.g., an inquiry as to whether Doe ever was found responsible for sexual misconduct, or an inquiry as to whether Doe ever was subject to a disciplinary suspension.

The equitable relief that Doe requests goes far beyond that. He seeks an order effectively requiring that BC whitewash its records to the point of pretending that the 2012 proceeding and the 2014 review never happened at all. That request bears no rational relation to "the injury suffered" as a result of the interference that the jury found, which was strictly limited to the outcome of the 2012 proceeding – not the fact that it happened or how the proceeding was conducted. Doe was not injured by, and thus has no right to equitable relief arising from, the fact that A.B. accused him of assault, which she had every right to do; that he was subjected to a

disciplinary process, as BC had every right – and indeed, under Title IX, the obligation – to do; or the manner in which that proceeding was conducted, as this Court found to be proper at summary judgment and the First Circuit confirmed, except in relation to the strictly limited question of interference by the Dean's office in relation to the "at ease" and "no finding" communications. Vacating the finding, and enjoining BC to respond accordingly to any third-party inquiries that implicate the finding, is all that Doe is entitled to. His request that BC be enjoined to re-write history, and pretend that A.B.'s complaint never was brought in the first place, is entirely overboard. *See Doe v. Baum,* No. 16-13174, 2019 WL 4809438, at *12 (E.D. Mich. Sept. 30, 2019) (expungement of "all records" relating to an investigation and finding of sexual misconduct was not appropriate where plaintiff had no viable claim that the pre-hearing investigation was improper; as in this case, plaintiff's only viable claim related to a single issue which he claimed affected the outcome of the conduct process).

Doe's request, if granted, also would infringe on legitimate, competing interests. For example: Doe's requested relief would require BC to expunge all records relating to this litigation, which is absurd on its face, especially with post-trial proceedings still underway. BC also has legitimate interests in retaining accurate records of the sexual misconduct complaints that it receives and the fact that it properly responded to those complaints, including by conducting student disciplinary proceedings, rather than being "deliberately indifferent" to such complaints in violation of Title IX. BC has legitimate interests in retaining accurate records of who among its trained adjudicators have served on Hearing Panels, and who among them has chaired Hearing Panels. BC has legitimate interests in using experiences from prior conduct proceedings – not to mention the occasional lawsuit, like this one, arising from such proceedings – in reviewing its procedures and in training the people responsible to carry out those procedures.

BC also has legitimate interests in retaining the "education records" of students other than Doe who were involved in the 2012 proceedings. Students such as A.B. who report that they were the victim of sexual assault while in college sometimes will call upon deans, faculty advisors, or others at BC to corroborate their involvement in such proceedings. Students such as J.K., whom Doe accused of being the true culprit for assaulting A.B., sometimes are accused in new cases, to which the evidence or outcome of older cases may become relevant. Simply put, there are any number of legitimate reasons why BC should be able to retain its records relating to the 2012 proceedings and 2014 review, and no reason why expunging the records in their entirety is necessary to remedy any injury to Doe.

Such wholesale expungement also would be excessively burdensome, to say the least. The relief Doe requests would not merely require BC to purge Doe's conduct file in the Dean's office, but also would require BC to locate and destroy or delete every piece of paper and every email in which any BC employee made any reference to Doe's case or any issues relating thereto – including, for example, every email relating to academic or other accommodations afforded to A.B. which reference, even in passing, the conduct proceedings in connection with which those accommodations were made.

The cases Doe relies on do not support his request for expungement of "all records." In *Matos v. Clinton Sch. Dist.*, 367 F.3d 68, 74 (1st Cir. 2004), the Court rejected the plaintiff's argument for expungement of her high school records at the preliminary injunction stage and merely stated that she could make a claim for such relief after trial. In *Doe v. The Rector & Visitors of George Mason Univ.*, 179 F. Supp. 3d 583, 588-89 (E.D. Va. 2016), the plaintiff sought expungement of his *expulsion* from his education records (as opposed to expungement of all records relating to the disciplinary proceeding) and the defendant did not contest

expungement.  The decision in *Stevenson v. Amazon.com, Inc.*, No. CV 15-13505-FDS, 2016 WL 2851316, at *5 (D. Mass. May 13, 2016), concerns a request under M.G.L. ch. 149, § 52C, to expunge false information contained in an employee personnel file and has no application to this case.

In sum, the equitable relief Doe requests is overly broad; it infringes on legitimate, competing interests; and it is excessively burdensome.  Instead, the Court should enter an order enjoining BC to (1) vacate the finding of "responsible" and (2) respond in the negative to any third-party inquiry that relates to the outcome of the 2012 proceeding.

**B.     Any order of expungement should be stayed.**

In the event the Court does order expungement of BC's records, that portion of the Court's order should be stayed pending the outcome of BC's forthcoming motion for judgment as a matter of law or alternatively for a new trial and any appeal therefrom.  To be clear, BC seeks a stay only from an order of expungement, not from an order vacating the finding or constraining what BC would say in response to any third-party inquiry, pending the outcome of post-trial proceedings and any appeal therefrom.

"When determining whether to grant a stay of a permanent injunction pending an appeal pursuant to Fed. R. Civ. P. 62(c), the court considers '(1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'"  *Veracode, Inc. v. Appthority, Inc.*, 137 F. Supp. 3d 17, 98 (D. Mass. 2015) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

BC will be filing a renewed motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(b) on the grounds that no reasonable jury could have found that the "at ease" or "no finding" communications caused the Hearing Board to find Doe responsible. Alternatively, BC will request a new trial pursuant to Fed. R. Civ. P. 59 on the grounds that the verdict was against the weight of the evidence and that a new trial is required in order to prevent the injustice that resulted from the conduct of Doe's counsel at trial – the blatant violations of the Court's orders relating to the scope of issues, and thus the evidence and arguments properly offered, at trial.

BC has a strong likelihood of success on its forthcoming motion. The Court noted during the charge conference that "if there is a verdict in Mr. Doe's favor," his counsel's conduct "certainly gives rise to a well-founded motion for new trial, if defense intends to file such motion, based on what they have argued about the impact of these repeated violations of my orders." Sept. 20, 2019 Tr. at 23-24.

BC will be irreparably injured if expungement is not stayed pending the outcome of post-trial proceedings, including by depriving BC of documents necessary to this litigation, whereas Doe will not be harmed by a stay during that time. *See Providence Journal Co. v. Fed. Bureau of Investigation,* 595 F.2d 889, 890 (1st Cir. 1979) ("Where, as here, the denial of a stay will utterly destroy the status quo, irreparably harming appellants, but the granting of a stay will cause relatively slight harm to appellee, appellants need not show an absolute probability of success in order to be entitled to a stay.") (staying order to disclose records to media).

If there is any public interest in the issue of expungement, it must weigh in favor of a stay pending the outcome of post-trial proceedings. It would be against the public interest for a university's records to be destroyed prematurely, while the final outcome of litigation to which those records relate remains in doubt.

## II. Prejudgment Interest

### A. Doe is entitled to prejudgment interest only on damages awarded for lost tuition and fees, not for lost income.

The jury awarded Doe damages for lost tuition and fees for the semester in which he was suspended and for one year of lost wages as an attorney, resulting from the suspension's one-year delay of Doe's BC graduation and admission to law school, from which Doe has yet to graduate. The award of prejudgment interest is appropriate with respect to the former but not the latter, which is an award for future lost earnings. It is well-settled that "[p]rejudgment interest may not be added to an award of damages for lost future earnings and benefits." *Salvi v. Suffolk County Sheriff's Department*, 67 Mass. App. Ct. 596, 855 N.E.2d 777, 788 (2006) (quoting *Conway v. Electro Switch Corp.*, 402 Mass. 385, 390, 523 N.E.2d 255, 258 (1988)).

Doe attempts to couch this year of lost income as a past loss, not a future loss, but that is not correct. The evidence at trial was that Doe will begin his legal career in the fall of 2020, and that the suspension delayed his legal career by one year. Sept. 19, 2019 (Trial Day Four) Tr. at 81-82. Thus, the one year of lost income attributable to the suspension is the year running from fall 2019 to fall 2020, which is a future loss, not a past loss. The other delays in the completion of Doe's law school education relate to his claimed emotional distress, which the Court has ruled – more than once – cannot form the basis for any recovery by Doe on his breach of contract and basic fairness claims.

### B. Doe is entitled to prejudgment interest only as of the date suit was filed.

Pursuant to G.L. c. 231, § 6C, prejudgment interest may be awarded from the date of the breach or demand for payment, if established at trial; otherwise, it shall be awarded from "the commencement of the action."

Doe seeks prejudgment interest on the award for lost tuition and fees as of the end of his disciplinary hearing, using the arbitrary date of December 1, 2012. Pl. Mot. at 4. No breach as of that date was established at trial – in fact the date of the breach was not put to the jury at all. *See Saint-Gobain Indus. Ceramics Inc. v. Wellons, Inc.*, 246 F.3d 64, 70-71 (1st Cir. 2001) (where the date of breach was not put to the jury, the First Circuit refused to assume that the date of breach was the date of delivery of defective goods) (citing *Deerskin Trading Post, Inc. v. Spencer Press, Inc.*, 398 Mass. 118, 125, 495 N.E.2d 303, 308 (1986). Nor was BC under any demand for repayment as of that date. Doe submitted no evidence at trial that he requested a refund at that time – or indeed at any time before he included the demand for compensation in his complaint. *See Bos. Gas Co. v. Century Indem. Co.*, No. CIV. 02-12062-PBS, 2013 WL 5436967, at *2 (D. Mass. Sept. 26, 2013) ("The right to prejudgment interest does not attach absent an 'unequivocal demand for payment' and refusal to pay.") (citing *Bos. Gas. Co. v. Century Indem. Co.*, 529 F.3d 8, 22 (1st Cir. 2008)). Thus, the proper date upon which to apply prejudgment interest is the date the complaint was filed. *See* Mass. G.L. c. 231, § 6C.

In the event the Court determines that a date of breach or demand was established, it should exercise its discretion not to award prejudgment interest for any period preceding the commencement of the action in any event. The Court has "some discretion under Massachusetts practice to adjust an interest award if a prevailing litigant has been responsible for unnecessary delays." *Liberty Mut. Ins. Co. v. Black & Decker, Inc.*, No. CIV.A.04-10648 DPW, 2004 WL 1941352, at *4 (D. Mass. Aug. 25, 2004). That is the case here. Doe waited for three years after the conclusion of his conduct case to file his lawsuit against BC. It would be an undeserved windfall to award prejudgment interest at 12% to Doe for that period of time.

**Conclusion**

As set forth above, Doe's motion should be allowed only in part and otherwise denied.

TRUSTEES OF BOSTON COLLEGE,

/s/ Elizabeth H. Kelly
Daryl J. Lapp (BBO No. 554980)
   daryl.lapp@lockelord.com
Elizabeth H. Kelly (BBO No. 672277)
   liz.kelly@lockelord.com
LOCKE LORD LLP
111 Huntington Avenue
Boston, MA 02199
617.230.0100

October 22, 2019

**Certificate of Service**

This document was served electronically upon all counsel of record by filing through the ECF system on this 22 day of October, 2019.

/*s*/ Elizabeth H. Kelly
Elizabeth H. Kelly