UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN DOE,<br>        Plaintiff<br>    v.<br>TRUSTEES OF BOSTON COLLEGE,<br>        Defendant | Civil Action No. 15-10790-DJC |

**DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW
OR FOR A NEW TRIAL ON LIABILITY**

Pursuant to Fed. R. Civ. P. 50(b) and 59(a)(1)(A), the defendant Trustees of Boston College ("BC") moves for entry of an order granting BC judgment in its favor as a matter of law or, in the alternative, a new trial on liability.

A hearing board at BC found that John Doe engaged in sexual misconduct by groping a female student on the dance floor during a boat cruise, as a result of which Doe was suspended for one year. Doe and his parents filed suit, asserting that the conduct process in Doe's case failed to comply with BC's stated procedures and was biased, discriminatory, and unfair in numerous respects. The Court granted BC and the individually named administrators summary judgment on all claims. Dkt. 89.

The First Circuit affirmed the Court's ruling in every respect but one: it ruled that there was a disputed issue of fact on the question whether either of two communications involving BC administrators interfered with the hearing board's consideration of Doe's case, such that BC breached its obligations to Doe as a matter of contract and basic fairness. The two communications were (1) a suggestion by Dean Carole Hughes to her subordinate, Christine Davis, that the hearing board might put "at ease" a witness in the conduct case, whom Doe accused of being the person responsible for the assault, and (2) a communication by Dean

1

Hughes to the hearing board chair, Catherine-Mary Rivera, to the effect that an outcome of "no finding" was permitted but discouraged. Only these alleged "interference" claims were remanded for trial. *Doe v. Trs. of Bos. Coll.*, 892 F.3d 67, 86-87 (1st Cir. 2018).

As discussed in the accompanying Memorandum, this Court entered a series of orders which set clear boundaries for the scope of trial. Based upon the Court's careful reading of the First Circuit's decision, the only liability issue for the jury to decide was whether either or both of the "at ease" or "no finding" communications interfered with the board's consideration of Doe's case.

In light of the evidence adduced in discovery, which was confirmed at trial, Doe and his counsel knew that was a case they could not win. Accordingly, they determined to simply ignore the Court's orders and put before the jury all manner of evidence and argument about issues this Court had decided, and the First Circuit had affirmed, were not triable. Doe and his counsel set out to convince the jury that:

- Doe in fact did not commit the assault at issue;
- BC should have conducted a threshold investigation of the complaint against Doe, rather than sending it straight to a hearing board;
- an investigation should have been done by the BC Police;
- Dean Hughes did not allow Doe to tell his story in pre-hearing meetings with her;
- BC should have postponed any hearing pending the outcome of a contemporaneous criminal case against Doe;
- BC should have postponed the hearing pending the availability of forensic evidence relating to swabs of Doe's hands;
- BC should have postponed the hearing pending the availability of a supposedly "enhanced" video;
- BC should have allowed Doe's private investigator to testify at the hearing; and
- BC's General Counsel, Joseph Herlihy, interfered with the board's deliberations.

2

In addition, Doe's counsel repeatedly elicited testimony about the emotional impact of the board's finding upon Doe and his family, despite pretrial rulings that recovery for emotional distress was not permitted. This testimony also was beyond the scope of trial.

The misconduct by Doe and his counsel was deliberate, blatant, and pervasive. It went on throughout the trial. It went on despite the Court's unequivocal pretrial rulings; the Court's repeated sustaining of objections by BC's counsel; and repeated warnings from the Court. Doe and his counsel simply refused to abide by the Court's orders and evidentiary rulings.

This pervasive misconduct achieved its intended result – a verdict in Doe's favor. No reasonable jury could have found for Doe on the "interference" issue on the evidence that was properly admitted at trial. BC thus is entitled to judgment in its favor as a matter of law.

In the alternative, BC is entitled to a new trial on liability. The verdict was against the weight of the evidence and it must be set aside.

In support of its motion, BC submits the accompanying Memorandum.

TRUSTEES OF BOSTON COLLEGE,

/s/ Daryl J. Lapp
Daryl J. Lapp (BBO No. 554980)
   daryl.lapp@lockelord.com
Elizabeth H. Kelly (BBO No. 672277)
   liz.kelly@lockelord.com
LOCKE LORD LLP
111 Huntington Avenue
Boston, MA 02199
617.230.0100

June 15, 2020

### Certificate of Compliance with L.R. 7.1

Counsel have conferred in good faith in an effort to resolve or narrow the issues presented in this motion.

/s/ Elizabeth H. Kelly
Elizabeth H. Kelly

**Certificate of Service**

  This document was served electronically upon all counsel of record by filing through the ECF system on June 15, 2020.

                 /*s*/ Elizabeth H. Kelly
                 Elizabeth H. Kelly